1  PATRICK M. MALONEY (SBN 197844)
   NICOLE A. POTASH (SBN 323240)
2  THE MALONEY FIRM, APC
   2381 Rosecrans Ave., Suite 405
3  El Segundo, California 90245
   Telephone: (310) 540-1505
4  Facsimile: (310) 540-1507
   pmaloney@maloneyfirm.com
5  npoltash@maloneyfirm.com

6  DAVID B. CUPAR (*Pro Hac Vice* forthcoming)
   MATTHEW J. CAVANAGH (*Pro Hac Vice* forthcoming)
7  McDONALD HOPKINS LLC
   600 Superior Avenue East, Suite 2100
8  Cleveland, OH 44114
   Telephone: (216) 348-5730
9  Facsimile: (216) 348-5474
   dcupar@mcdonaldhopkins.com
10 mcavanagh@mcdonaldhopkins.com

11 Attorneys for Plaintiff
   SPECTRUM LABORATORIES, LLC

12

13                **UNITED STATES DISTRICT COURT**

14          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15                     **EASTERN DIVISION**

16

17  SPECTRUM LABORATORIES,           )  Case No.
    LLC, an Ohio limited liability   )
18  company,                         )
                                     )
19          Plaintiff,               )
                                     )  **COMPLAINT FOR PATENT**
20  v.                               )  **INFRINGEMENT; DEMAND FOR**
                                     )  **JURY TRIAL**
21  GREEN PLANET, INC., a            )
    California corporation,          )
22                                   )
                                     )
23          Defendants.              )

24

25

26

27

28

For its complaint against defendant Green Planet, Inc. ("Green Planet"), plaintiff Spectrum Laboratories, LLC ("Spectrum") states:

## INTRODUCTION

1.     Spectrum is an innovator in the synthetic urine industry. Synthetic urine has a variety of uses, including testing equipment calibration, medical research, and product testing.

2.     Recognizing Spectrum's novel and useful ideas in the synthetic urine industry, the United States Patent and Trademark Office has issued multiple patents to Spectrum.

3.     Green Planet is an infringer of Spectrum's patents. More specifically, Green Planet has been making and selling synthetic urine products that are covered by two Spectrum patents: U.S. Patent No. 7,192,776 (the "'776 patent") and U.S. Patent No. 9,128,105 (the "'105 patent").

4.     In July 2019, Spectrum wrote Green Planet to notify it of its infringement, to try and end the infringement, and to try and resolve the dispute without the need for litigation. Green Planet ignored Spectrum's letter and continues to infringe both Spectrum patents.

5.     Spectrum is suing to stop Green Planet's infringement and to recover damages caused by Green Planet's infringement.

## THE PARTIES

6.     Spectrum is an Ohio limited liability company with a principal place of business in Ohio.

7.     Green Planet is a California corporation that, upon information and belief, has a principal place of business in Riverside, California.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over Spectrum's patent infringement claims under 28 U.S.C. §§ 1331 and 1338 because they arise under federal law.

9.     This Court has personal jurisdiction over Green Planet because it is incorporated in California, does business in California, committed acts of infringement in California, and, upon information and belief, has a principal place of business in California.

10.     Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Green Planet is incorporated in California, does business in California, committed acts of infringement in California, and, upon information and belief, has a principal place of business in California.

## RELEVANT FACTS

### I.     Spectrum's Legal Rights

11.     Spectrum owns the '776 patent and '105 patent.

12.     The '776 patent issued on March 20, 2007 and claims a synthetic urine solution and the method of its manufacture.

13.     The validity of the '776 patent was recently upheld by the United States District Court for the Southern District of California in *Dr. Greens, Inc. v. Spectrum Laboratories, LLC et al.*, Case No. 3:11-cv-00638. In *Dr. Greens*, the district court granted summary judgment in favor of Spectrum on the infringer's claim of invalidity, thereby affirming the validity of the '776 patent. *See* Am. Compl. ¶¶ 90-98 (ECF #54); Spectrum's Mem. of P. & A. in Supp. of Am. Mot. for Summ. J. on Counts LB, II-VI of Am. Compl. (ECF #203); Order (ECF #285). Spectrum ultimately won the entire case at trial and successfully obtained a jury verdict and judgment of willful patent infringement. *See* Special Verdict Form (ECF #326).

14.     The '105 patent issued on September 8, 2015 and is directed to a urea-based synthetic urine solution and the method of its manufacture.

### II.     Green Planet's Infringement of the Patents

15.     Green Planet is making, importing, using, selling, and/or offering to sell synthetic urine products in the United States that are covered by one or more claims of each of the '776 and '105 patents, including but not limited to its *Done Deal*

1    product (collectively the "Infringing Products").

2        16.    To try and resolve the dispute and end Green Planet's infringement
3    without suing, Spectrum's attorney wrote to Green Planet's CEO, Anil K. Malhi, on
4    July 19, 2019. The letter informed Green Planet that it was infringing Spectrum's
5    '776 and '105 patents and asked Green Planet to cease its infringement. A true copy
6    of Spectrum's letter is attached as Exhibit A.

7        17.    Spectrum asked Green Planet to respond to its July 19 letter by August
8    2, 2019. Green Planet has not responded whatsoever and continues to infringe both
9    the '776 and '105 patents, thus necessitating this lawsuit.

10                              **COUNT ONE**

11                     **Infringement of the '776 Patent**

12       18.    Spectrum incorporates by reference all allegations in all preceding
13   paragraphs of this complaint as if fully rewritten herein.

14       19.    Green Planet has directly infringed, and continues to directly infringe,
15   one or more claims of the '776 patent by making, using, selling, and/or offering to
16   sell synthetic urine products covered by the '776 patent (*i.e.*, the Infringing
17   Products).

18       20.    As a non-limiting and illustrative example, the below table confirms
19   that Green Planet's *Done Deal* product has each of the limitations of at least claim 1
20   of the '776 patent. A true photograph of Green Planet's *Done Deal* packaging is
21   attached as Exhibit B.

22   //
23   //
24   //
25   //
26   //
27   //
28   //

00162785                              4
                                   COMPLAINT

| **Claim Limitation** | **Element of Infringing Product** |
|---|---|
| **1** A synthetic urine solution comprising: | *Done Deal* is a synthetic urine solution.[1] |
| water having a pH between 3 and 10; | *Done Deal* includes water that has a pH between 3 and 10. This is further confirmed by *Done Deal*'s packaging identifying "Deionized water" as an ingredient. |
| creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; | *Done Deal* contains creatinine and a biocide. The biocide is dissolved within water, forming a solution that exhibits a specific gravity. The creatinine and biocide were selected in relative concentrations to minimize sepsis. This is further confirmed by *Done Deal*'s packaging identifying "Creatinine" and "Benzalkonium Chloride" (a biocide) as ingredients. |
| at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$; and | *Done Deal* contains at least one dissociated ionic compound dissolved within its solution to adjust the specific gravity of the solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$. This is further confirmed by *Done Deal*'s packaging identifying "Sodium Chloride" (a dissociated iconic compound) as an ingredient. |

---

[1] At this stage, Spectrum takes no position as to whether the preamble is limiting. Instead, Spectrum merely shows that if it is limiting, then the limitation is found in Green Planet's Infringing Products.

| | |
|---|---|
| wherein said biocide is selected from the group consisting of 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, 2-2-Dibromo-3-nitrilopropionarnide, 2-(Decylthio)ethanarnine, glutaraldehydes, isothiazolines, Methylene bis(thiocyanate), polyquat, Alkyldimethylbenzylammonium chloride, sulfones, Bis(tributyltin) oxide, tertbuthylazines, Tetrachloro-2, 4,6-cyano-3-benzonitrile, 2 (thiocyanomethylthio)benzothia zole, thiones, Tetrakish(hydroxymethyl)phosp honium sulfate, Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, and super oxides. | *Done Deal*'s packaging confirms that the product contains "Benzalkonium Chloride" (also known as "alkyldimenthylbenzyl-ammonium chloride")—one of the biocides listed in the claim. |

21.    Green Planet also has contributorily infringed and induced infringement of the '776 patent at least because, with knowledge of the '776 patent, it intentionally and actively induced customers and end users of the Infringing Products to use them in a manner that infringes the '776 patent with specific intent that they do so.

22.    To the extent Green Planet has directed others to manufacture its Infringing Products, it has actively induced infringement of the '776 patent under 35 U.S.C. § 271(b).

23.    Green Planet has further induced infringement of the '776 patent at least by selling the Infringing Products to distributors, retailers, and/or other resellers with specific intent that they infringe the '776 patent by reselling the Infringing Products to others.

24.   Green Planet's infringement of the '776 patent was, and continues to be, willful and deliberate, and Green Planet likely will continue its infringing activities unless restrained by this Court.

25.   Green Planet's activities were done with an intent to, and in fact did allow, Green Planet to derive undeserved, unlawful, and/or unjust benefit from use of Spectrum's '776 patent.

26.   Green Planet has profited, and will continue to profit, by its infringing activities.

27.   Spectrum has been damaged by Green Planet's infringing activities and will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## COUNT TWO

### Infringement of the '105 Patent

28.   Spectrum incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

29.   Green Planet has directly infringed, and continues to directly infringe, one or more claims of the '105 patent by making, using, selling, and/or offering to sell synthetic urine products covered by the '105 patent (i.e., the Infringing Products).

30.   As a non-limiting and illustrative example, the below table confirms that Green Planet's *Done Deal* product has each of the limitations of at least claim 1 of the '105 patent.

//

//

//

//

///

///

00162785

7

COMPLAINT

| | Claim Limitation | Element of Infringing Product |
|---|---|---|
| **1** | A synthetic urine solution comprising: | *Done Deal* is a synthetic urine solution.[2] |
| | water having a pH between about 3 and about 10; | *Done Deal* includes water that has a pH between 3 and 10. This is further confirmed by *Done Deal*'s packaging identifying "Deionized water" as an ingredient. |
| | creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; | *Done Deal* contains creatinine and a biocide. The biocide is dissolved within water, forming a solution that exhibits a specific gravity. The creatinine and biocide were selected in relative concentrations to minimize sepsis. This is further confirmed by *Done Deal*'s packaging box identifying "Creatinine" and "Benzalkonium Chloride" (a biocide) as ingredients. |
| | at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$; | *Done Deal* contains at least one dissociated ionic compound dissolved within its solution to adjust the specific gravity of the solution to between 1.005 $g/cm^3$ and 1.025 $g/cm^3$. This is further confirmed by *Done Deal*'s packaging identifying "Sodium Chloride" (a dissociated iconic compound) as an ingredient. |

[2] At this stage, Spectrum takes no position as to whether the preamble is limiting. Instead, Spectrum merely shows that if it is limiting, then the limitation is found in Green Planet's Infringing Products.

00162785

8

COMPLAINT

| | |
|---|---|
| wherein said biocide is selected from at least one of 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, 2-2-Dibromo-3-nitrilopropiona-mide, 2-(Decylthio)ethanamine, glutaraldehydes, isothiazolines, Methylene bis(thiocyanate), polyquats, Alkyldimethylbenzylammoniwn chloride, sulfones, bis (tributyltin) oxide, tertbuthylazines, Tetrachloro-2,4,6-cyano-3-benzonitrile, 2(thiocyanomethylthio)ben-zothiazole, thiones, Tetrakish(hydroxymethyl) phosphonium sulfate, Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, and super oxides; | *Done Deal*'s packaging confirms that the product contains "Benzalkonium Chloride" (also known as "alkyldimenthylbenzyl-ammonium chloride")—one of the biocides listed in the claim. |
| at least one urea compound provided in conjunction with the synthetic urine solution, wherein the at least one urea compound is carbamide peroxide, and optionally allantoin and optionally hydantoin. | *Done Deal*'s packaging confirms that the product contains "Carbamide" (a carbamide peroxide). |

31.     Green Planet has contributorily infringed and induced infringement of the '105 patent at least because, with knowledge of the '105 patent, it intentionally and actively induced customers and end users of the Infringing Products to use them in a manner that infringes the '105 patent with specific intent that they do so.

32.     To the extent Green Planet has directed others to manufacture the Infringing Products, it has actively induced infringement of the '105 patent under 35

00162785

9

COMPLAINT

1   U.S.C. § 271(b).

2   33.   Green Planet has further induced infringement of the '105 patent at least

3   by selling the Infringing Products to distributors, retailers, and/or other resellers with

4   specific intent that they infringe the '105 patent by reselling the Infringing Products

5   to others.

6   34.   Green Planet's infringement of the '105 patent was, and continues to be,

7   willful and deliberate, and Green Planet likely will continue its infringing activities

8   unless restrained by this Court.

9   35.   Green Planet's activities were done with an intent to, and in fact did

10  allow, Green Planet to derive undeserved, unlawful, and/or unjust benefit from use of

11  Spectrum's '105 patent.

12  36.   Green Planet has profited, and will continue to profit, by its infringing

13  activities.

14  37.   Spectrum has been damaged by Green Planet's infringing activities and

15  will continue to be irreparably injured unless the infringing activities are enjoined by

16  this Court.

17                              **PRAYER FOR RELIEF**

18  WHEREFORE, Spectrum prays for judgment against Green Planet as follows:

19  A.   A finding that Green Planet has infringed one or more claims of

20       the '776 patent;

21  B.   A finding that Green Planet has infringed one or more claims of

22       the '105 patent;

23  C.   Preliminary and permanent injunctive relief enjoining Green

24       Planet, its officers, directors, managers, employees, affiliates,

25       agents, representatives, parents, subsidiaries, successors, assigns,

26       those in privity with it, and all others aiding, abetting, or acting in

27       concert or active participation therewith, from continuing to

28       infringe the '776 patent;

00162785

D. Preliminary and permanent injunctive relief enjoining Green Planet, its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with it, and all others aiding, abetting, or acting in concert or active participation therewith, from continuing to infringe the '105 patent;

E. A finding that Green Planet's infringement of the '776 patent and '105 patent is and was willful and exceptional;

F. Compensatory damages;

G. Treble damages;

H. Punitive damages;

I. An accounting and disgorgement of all sales, revenues, and profits derived from Green Planet's wrongful conduct;

J. Attorneys' fees;

K. Pre-judgment and post-judgment interest;

L. Costs of the action;

M. Such other and further relief as allowed at law or in equity that the Court deems to be appropriate;

Dated: September 5, 2019

**THE MALONEY FIRM, APC**

*/S/ PATRICK M. MALONEY*

By: _____
PATRICK M. MALONEY, ESQ.
NICOLE A. POLTASH, ESQ.

**McDONALD HOPKINS LLC**
MATTHEW J. CAVANAGH, ESQ.
(*pro hac vice* application forthcoming)
DAVID B. CUPAR, ESQ.
(*pro hac vice* application forthcoming)

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC,
an Ohio limited liability company

00162785

11

COMPLAINT

1

**JURY DEMAND**

2          Plaintiff Spectrum Laboratories, LLC hereby demands a jury trial for all issues

3   so triable.

4

5   Dated: September 5, 2019                    **THE MALONEY FIRM, APC**

6

7                                              */S/ PATRICK M. MALONEY*

                                        By: _____
8                                              PATRICK M. MALONEY, ESQ.

9                                              NICOLE A. POLTASH, ESQ.

10                                             **McDONALD HOPKINS LLC**
                                              MATTHEW J. CAVANAGH, ESQ.
11                                             (*pro hac vice* application forthcoming)
                                              DAVID B. CUPAR, ESQ.
12                                             (*pro hac vice* application forthcoming)

13                                             Attorneys for Plaintiff

14                                         SPECTRUM LABORATORIES, LLC,

                                           an Ohio limited liability company
15

16

17

18

19

20

21

22

23

24

25

26

27

28

00162785                            12
                                 COMPLAINT