Robert J. Lauson, Esq. (SBN 175,486)
LAUSON & ASSOCIATES
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com

Attorneys for Defendant,
GREEN PLANET, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>                               Plaintiffs,<br><br>vs.<br><br>GREEN PLANET, INC., a California corporation,<br><br>                               Defendant,<br>_____<br><br>GREEN PLANET, INC., a California corporation,<br><br>         Third-Party Complainant,<br><br>vs.<br><br>SAMSON PHARMACEUTICALS, INC., a California corporation,<br><br>         Third-Party Defendant. | Case No.: 5:19-cv-01699-AG-KK<br><br>Green Planet's Answer To Spectrum Laboratories' Complaint For Patent Infringement; Third Party Complaint For Breach Of Warranty Against Samson Pharmaceuticals; Demand For Jury Trial |

-1-

Defendant Green Planet, Inc. ("Green Planet") answers Spectrum Laboratories, LLC's ("Spectrum") complaint and denies, admits, and alleges as follows:

## INTRODUCTION

1. In response to paragraph 1, Green lacks sufficient information or belief upon which to answer the allegations of this paragraph, and on that basis denies them.

2. In response to paragraph 2, Green Planet admits to the issuance of multiple patents by the USPTO to Spectrum but lacks sufficient information or belief upon which to answer the remaining allegations of this paragraph, and on that basis, denies them.

3. In response to paragraph 3, Green Planet denies the allegations.

4. In response to paragraph 4, Green Planet admits to receiving Spectrum's letter but denies the remaining allegations.

5. In response to paragraph 5, Green Planet admits Spectrum is suing, but denies any infringement occurred or that any damages are owed.

## THE PARTIES

6. In response to paragraph 6, Green Planet lacks sufficient information or belief upon which to answer the allegations of this paragraph, and on that basis, denies them.

7. In response to paragraph 7, Green Planet admits the allegations.

## JURISDICTION AND VENUE

8. In response to paragraph 8, Green Planet admits the allegations.

9. In response to paragraph 9, Green Planet admits that the court has personal jurisdiction over it, but denies having committed acts of infringement.

10. In response to paragraph 10, Green Planet admits that venue is proper in this court, although it denies having committed alleged acts of infringement.

## RELEVANT FACTS

### I. Spectrum's Alleged Legal Rights

11. In response to paragraph 11, Green Planet lacks sufficient information or belief upon which to answer the allegations of this paragraph, and on that basis, denies them.

12. In response to paragraph 12, Green Planet admits the allegations.

13. In response to paragraph 13, Green Planet is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

14. In response to paragraph 14, Green Planet admits the allegations.

### II. Green Planet's Alleged Infringement Of The Patents

15. In response to paragraph 15, Green Planet denies the allegations.

16. In response to paragraph 16, the letter of Exhibit A speaks for itself. As to Plaintiff's motives in sending it, Green Planet lacks sufficient knowledge or information to form a belief. Green Planet otherwise denies the remaining allegations.

17. In response to paragraph 17, again, the letter speaks for itself, and Green Planet denies the remaining allegations.

## COUNT ONE

### Alleged Infringement of the '776 Patent

18. In response to paragraph 18, Green Planet hereby incorporates by reference its answers to all preceding paragraphs as if set forth fully herein.

19. In response to paragraph 19, Green Planet denies the allegations.

20. In response to paragraph 20, Green Planet denies the allegations.

21. In response to paragraph 21, Green Planet denies the allegations.

22. In response to paragraph 22, Green Planet denies the allegations.

23. In response to paragraph 23, Green Planet denies the allegations.

24. In response to paragraph 24, Green Planet denies the allegations.

25. In response to paragraph 25, Green Planet denies the allegations.
26. In response to paragraph 26, Green Planet denies the allegations.
27. In response to paragraph 27, Green Planet denies the allegations.

## COUNT TWO

Alleged Infringement of the '105 Patent

28. In response to paragraph 28, Green Planet hereby incorporates by reference its answers to all preceding paragraphs as if set forth fully herein.
29. In response to paragraph 29, Green Planet denies the allegations.
30. In response to paragraph 30, Green Planet denies the allegations.
31. In response to paragraph 31, Green Planet denies the allegations.
32. In response to paragraph 32, Green Planet denies the allegations.
33. In response to paragraph 33, Green Planet denies the allegations.
34. In response to paragraph 34, Green Planet denies the allegations.
35. In response to paragraph 35, Green Planet denies the allegations.
36. In response to paragraph 36, Green Planet denies the allegations.
37. In response to paragraph 37, Green Planet denies the allegations.

**AFFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Patent Invalidity)

U.S. Patents Nos. 7,192,776 and 9,128,105 are invalid for failure to comply with the provisions of 35 U.S.C. §§102, 103 and 112.

SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Spectrum has failed to take proper and reasonable steps to avoid and/or mitigate the damages alleged.

### THIRD AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

Third parties, who were non-parties to this action, were at fault concerning the matters alleged in the complaint. These third parties' wrongful conduct caused and/or contributed to Spectrum's damages, if any. As such, any damages awarded to Spectrum are recoverable from such third persons in direct proportion to their respective degree of fault.

### FOURTH AFFIRMATIVE DEFENSE
### (Further Affirmative Defenses)

Green Planet presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Green Planet reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Green Planet prays as follows:

1. That Spectrum take nothing by way of its complaint;
2. That judgment be entered in favor of Green Planet;
3. That the case be declared exceptional and Green Planet awarded its costs incurred in this action, including reasonable attorneys' fees to the extent provided for by contract and/or law;
4. The Court grants such other and further relief as it deems appropriate; and
5. That the sole liability of Green Planet, if any, be limited in proportion to the degree of fault attributable to Green Planet.

# THIRD-PARTY COMPLAINT

Defendant and third-party complainant Green Planet, Inc. by and through its counsel, hereby impleads and makes this claim against third-party defendant Samson Pharmaceuticals Inc. ("Samson") whose liability is derivative of the outcome of the main patent infringement claim of the case:

## STATUS OF THE PARTIES

1. Green Planet is a California corporation having a principal place of business in Riverside, California.

2. Upon information and belief, Samson is a California corporation having a principal place of business in Commerce, California.

## JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Samson because it is incorporated in California, does business in California, has engaged in acts giving rise to this controversy in California, and upon information and belief, has a principal place of business in California.

5. This Court is a proper venue for these third-party claims pursuant to 28 U.S.C. 1391 because Samson is incorporated in California, does business in California, has engaged in acts giving rise to this controversy in California, and upon information and belief, has a principal place of business in California.

## RELEVANT FACTS

6. Spectrum, according to its complaint against Green Planet, alleges that Green Planet's synthetic urine *Done Deal* product infringes their '776 and '105 patents.

7. Samson manufactured Green Planet's synthetic urine *Done Deal*

product, and regularly deals in goods of this kind. Specifications as to chemical composition of this product were not provided by Green Planet, nor did Green Planet agree to exclude any warranty in purchasing this product.

8. On October 2, 2019, Green Planet's counsel wrote to Samson's attorneys, Mark Kremer and Sherron Wiggins of Conkle, Kremer & Engel of Los Angeles, requesting that Samson agree to defend and indemnify Green Planet in the pending civil action, pursuant to its obligation under Cal. Commercial Code § 2312(3).

9. On November 5, 2019, Samson responded declining to agree to defend or indemnify Green Planet. Samson contends its product does not infringe the '776 and '105 patents.

## COUNT ONE

### Breach of Implied Warranty Of Merchantability,

10. Green Planet incorporates by reference all allegations in all preceding paragraphs of this third-party claim as if fully rewritten herein.

11. Samson's synthetic urine product supplied to Green Planet included a warranty that it was free of any rightful claim for infringement, that arises by operation of law. Cal. Comm. Code § 2312(3).

12. Assuming Spectrum's infringement claim is not frivolous, Samson is required to hold harmless Green Planet for the patent infringement claims made by Spectrum. *Cover v. Hydramatic Packing Co.,* 83 F.3d 1390, 1394 (Fed. Cir. 1996). *Pac. Sunwear of California, Inc. v. Olaes Enters., Inc.* 167 Cal.App. 4th 466, 481, 84 Cal.Rptr. 3d 182,193 (2008) ("A rightful claim under section 2312(3) is a nonfrivolous claim of infringement that has any significant and adverse effect, through the prospect of litigation or otherwise, on the buyer's ability to make use of the purchased goods;") *Phoenix Sols., Inc. v. Sony Elecs., Inc.* 637 F.Supp. 2d 683, 697 (N.D. Cal. 2009).

13. Samson directly supplying alleged infringing goods to Green Planet has caused harm to Green Planet in amounts to be proven at trial.

14. Samson must defend Green Planet in the lawsuit and pay any damages and Court costs awarded, and/or reimburse Green Planet for its reasonable attorneys fees and costs, as well as the monies paid for the goods and other losses suffered by Green Planet such as lost profits.

## PRAYER FOR RELIEF

WHEREFORE, Green Planet prays as follows:

1. A judgement against Samson and in favor of Green Planet on the Breach of warranty claim set forth herein;

2. That Samson must defend and indemnify Green Planet for all damages sustained as a result of Spectrum's patent infringement claim.

3. That Green Planet be awarded its costs incurred in this action, including reasonable attorneys' fees; and,

4. That the Court grants such other and further relief as it deems appropriate.

Respectfully submitted,

LAUSON & ASSOCIATES

DATED: November 18, 2019       By:    /s/Robert J. Lauson
                                      Robert J. Lauson
                                      Attorneys for Defendant,
                                      GREEN PLANET, INC.

# JURY TRIAL DEMAND

Green Planet requests a trial by jury on all claims asserted.

Respectfully submitted,

LAUSON & ASSOCIATES

DATED: November 18, 2019  By:  /s/Robert J. Lauson
Robert J. Lauson
Attorneys for Defendant,
GREEN PLANET, INC.