PATRICK M. MALONEY (SBN 197844)
NICOLE A. POTASH (SBN 323420)
THE MALONEY FIRM, APC
2381 Rosecrans Ave., Suite 405
El Segundo, California 90245
Tel: (310) 540-1505
Fax: (310) 540-1507
pmaloney@maloneyfirm.com
npoltash@maloneyfirm.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Tel: (216) 348-5730
Fax: (216) 348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Plaintiff and Counterclaim-Defendant
SPECTRUM LABORATORIES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GREEN PLANET, INC., <br><br> Defendant. <br><br> GREEN PLANET, INC., <br><br> Third-Party Plaintiff, <br><br> SAMSON PHARMACEUTICALS, INC., <br><br> Third-Party Defendant. | Case No. 5:19-cv-01699-AG-KK <br><br> **JOINT RULE 26(f) REPORT** <br><br> Scheduling Conf <br> Courtroom: 10D <br><br> Judge: Hon. Andrew J. Guilford |

{8606041: }

JOINT RULE 26(f) REPORT

1

Plaintiff Spectrum Laboratories ("Spectrum" or "Plaintiff"), Defendant Green Planet, Inc. ("Green Planet" or "Defendant"), and Third-Party Defendant Samson Pharmaceuticals, Inc. ("Samson") (collectively the "Parties") by and through their respective counsel of record, submit the following Joint Rule 26(f) Report.

On January 9, 2020, Green Planet filed a Request for Approval of Substitution or Withdrawal of Counsel to substitute in Cislo & Thomas LLP for Lauson and Associates. Green Planet's to substitute in new counsel was granted on January 9, 2020 (*see*, Dkt. 26).

On January 23, 2020, counsel for the Parties conducted the initial meeting of counsel pursuant to Federal Rule of Civil Procedure 26(f). Matthew J. Cavanagh participated on behalf of Spectrum, C. Wook Pak participated on behalf of Green Planet, and John Conkle and Sherron Wiggins participated on behalf of Samson.

A. **Statement of the Case**

1. *Plaintiff's Statement*:

Plaintiff alleges that Defendant has infringed, and is continuing to infringe, two of Plaintiff's patents: U.S. Patent Nos. 7,192,776 (the "'776 patent") and 9,128,105 (the "'105 patent"). Plaintiff alleges that Defendant's acts of infringement include at least making, using, importing, selling, and/or offering to sell products that are covered by one or more claims of the '776 and '105 patents, using methods covered by one or more claims of those patents to manufacture product, and/or inducing or contributing to others' infringements of those patents. Plaintiff seeks money damages and injunctive relief.

2. *Defendant's Statement:*

Defendant denies that it infringes any claims of the '776 patent or the '105 patent because the Defendant's accused product does not meet each and every limitation of the claims of the '776 or the '105 patents. In addition, Defendant has asserted affirmative defenses for invalidity, among others. Furthermore,

Defendant has filed a Third-Party Complaint against Green Planet's supplier, Samson Pharmaceuticals Inc. ("Samson") for breach of implied warranty of merchantability. Defendants receive all of its supply of the accused product from Samson. Defendants are not involved in the formulation of the accused product. Rather, Defendants simply sell the products supplied by Samson. Therefore, Under Cal. Comm. Code § 2312(3), Samson must defend and indemnify Green Planet.

   **3.** *Samson's Statement:*

Plaintiff filed a complaint against Defendant, which alleges it of making, using, importing, selling, and/or offering to sell a synthetic urine product that infringes Plaintiff's '776 or '105 patents. Defendant received at least some of the alleged product from Third Party Defendant Samson Pharmaceuticals, Inc. ("Samson") which denies the product infringes. Samson currently lacks information or knowledge regarding whether it must defend and indemnify Defendant.

**B.** **Subject Matter Jurisdiction**

Because this is a patent infringement case, this Court has federal-question subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**C.** **Legal Issues**

Based on the allegations set forth in the pleadings, the Parties agree that the key legal issues include:

- Whether Defendant has infringed the '776 and '105 patents.
- The appropriate amount of damages, if any, to award to Plaintiff under 35 U.S.C. § 284.
- Whether Defendant's alleged infringement was willful.
- Whether the case is exceptional under 35 U.S.C. § 285 and whether attorney fees should be awarded under that statute.
- Whether the Court should award enhanced or treble damages under 35

U.S.C. § 284.
- Whether the Court should enter an injunction enjoining Defendant against future infringement of each Spectrum patent.
- Whether Defendant can rebut each patent's presumption of validity with clear and convincing evidence.
- Whether the '776 and '105 patents are enforceable.
- Whether Plaintiff complied with its duty of disclosure to the United States Patent Office when Plaintiff filed and prosecuted the applications for the '776 and '105 patents.
- Whether Plaintiff knew or should have known the '776 and '105 patents are invalid and unenforceable.
- Whether Plaintiff owes Defendant any damages and/or attorneys fees.

1. ***Plaintiff's Parties, Witnesses and Key Documents*:**

Parties: Plaintiff Spectrum Laboratories

Witnesses:
- James Matthew Stephens;
- Anil K. Malhi;
- Jay G. Kassir;
- Corporate representatives and/or designees for Green Planet, Inc.;
- Corporate representatives and/or designees for Samson Pharmaceuticals, Inc.;
- Any additional witnesses that Plaintiff discovers in discovery;
- Any additional witnesses that Defendant identifies;
- Expert witnesses are yet to be identified.

Key Documents:
- The '105 and '776 patents.
- Records relating to infringing products made, used, sold, offered for sale, and/or imported by Defendant that are in Defendant's

{8606041: }

> possession, custody, or control or in the possession custody, or control of third-parties, including (without limitation) production records, formula records, chemical testing/analysis records, purchasing/sales records, product or chemical specifications, marketing materials, engineering records, product samples, research and development records, and written communications.
> - Records evidencing or concerning Defendant's knowledge of Plaintiff, Plaintiff's patented products, or Plaintiff's patents that are in Defendant's possession, custody, or control or in the possession custody, or control of third-parties.

**2.    *Defendant's Parties, Witnesses and Key Documents*:**

Defendant anticipates and identifies the following witnesses:
- James Matthew Stephens, the named inventor on the '776 and '105 Patents;
- Anil K. Malhi, CEO of Green Planet, Inc.;
- The FRCP 30(b)(6) representatives designated by Plaintiff regarding facts and circumstances surrounding the conception and reduction to practice of the purported invention, the filing and prosecution of the applications for the '776 and '105 patents, manufacture, and any damages;
- The FRCP 30(b)(6) representatives designated by Samson regarding facts and circumstances surrounding the development, manufacture, distribution, and sales of the accused product.
- Any additional witnesses that Plaintiff identifies;
- Any additional witnesses that Defendant discovers in discovery;
- Any additional witnesses that Samson identifies;
- Expert witnesses are yet to be identified.

Defendant identifies the following key documents and things:
- The '776 and '105 patents and their respective file histories;
- Documents and things related to the conception and reduction to practice of

the purported invention;
- Documents and things that anticipate and/or render the purported inventions in the '776 and 105 patents obvious;
- Documents related to manufacture and sales of the accused product by Samson.
- Documents related to Samson's due diligence investigation regarding the accused product.

### 3. *Samson's Parties, Witnesses and Key Documents*:

Samson anticipates and identifies the following witnesses:
- Jay Kassir
- Anil Malhi
- Green Planet Inc.'s FRCP 30(b)(6) corporate representatives and/or designee;
- Samson's FRCP 30(b)(6) corporate representatives and/or designee ;
- Spectrum Labs' FRCP 30(b)(6) corporate representatives and/or designee ;
- Any additional witnesses that Plaintiff discovers in discovery;
- Any additional witnesses that Defendant identifies in discovery;
- Any additional witness that Samson identifies in discovery;
- Expert witnesses that are yet to be identified.

Samson identifies the following key documents and things:
- Documents related to Defendant's suppliers, sales, and inventory of the accused product.

### D. **Damages**

Plaintiff seeks compensatory damages under 35 U.S.C. § 284, treble damages under § 284, attorneys' fees under § 285, and litigation-related expenses and costs under at least § 285, Rule 54, and the Court's inherent authority. Plaintiff is unable to reasonably estimate its damages because it has not yet obtained

{8606041: }

discovery from Defendant regarding the size and scope of infringement, the number of infringing sales, and the financials related to Defendant's infringement.

Defendant disputes Plaintiff's entitlement to any relief, including but not limited to damages, attorneys' fees and/or costs, and its measure of claimed damages because the '776 and '105 Patents are invalid and unenforceable. In addition, to the extent Plaintiff is seeking damages from Samson either through litigation or settlement, seeking additional damages from Defendant would amount to improper double recovery of damages by Plaintiff.

E.  **Insurance**

Plaintiff is not aware of any insurance policy that covers this matter at this time.

Defendant is not aware of any insurance policy that covers this matter at this time.

F.  **Motions Regarding Parties and Pleadings**

Green Planet, Inc. has filed a third-party complaint against Samson Pharmaceuticals, Inc, asserting breach of implied warranty of merchantability and seeking Samson defend and indemnify Green Planet for all damages sustained as a result of this lawsuit.

Samson filed its answer to Green Planet's third-party complaint on February 3, 2020.

Otherwise, the parties are not aware of any other issues relating to the parties and pleadings.

G.  **Manual for Complex Litigation**

The Parties do not believe this action would benefit from use of procedures set forth in the MCL.

H.  **Status of Discovery**

The Parties have agreed to exchange initial disclosures by February 6, 2020.

No other discovery has been conducted at this time.

## I.  Discovery Plan

The Parties intend to conduct standard discovery, including depositions, written discovery requests, and expert reports and testimony, on the above stated litigation issues.

### 1.  Plaintiff's Statement Regarding Discovery

Plaintiff is preparing to serve interrogatories, requests for admission, and document requests. Plaintiff anticipates deposing Defendant regarding the facts and issues in this action. Plaintiff additionally intends to depose key witnesses with personal knowledge of the transactions and occurrences at issue in this action, as they are identified through document productions and written discovery. Finally, Plaintiff intends to provide expert opinion testimony on liability and damages. Plaintiff reserves the right to depose other witnesses whose identities are currently unknown to Plaintiff.

### 2.  Defendant's Statement Regarding Discovery

Defendant intends to seek discovery on the following non-exclusive list of subjects:  Plaintiff's pre-filing investigation and infringement theories, claim construction, invalidity and unenforceability of the patents-in-suit, inventorship, conception and reduction to practice of the patents-in-suit, prior art, damages, patent marking, and allegations of willful infringement, Samson's manufacturing, sales, and dealings with its customers regarding the accused product.

### 3.  Samson's Statement Regarding Discovery

Samson intends to serve interrogatories, requests for admission and document requests from Defendant regarding its suppliers, purchases, and inventory of the accused product. Samson reserves the right to depose other witnesses or serve discovery requests on other witnesses whose identities are currently unknown to Samson.

### 4. *Electronically Stored Data*

The Parties do not anticipate any issues relating to the discovery or disclosure of electronically stored information.

The parties agree that the Standing E-Discovery Order of Judge Andrew J. Guilford shall govern this case with the following exception:  in addition to TIFF files, electronically stored information can also be produced in PDF format.

### 5. *Privilege Issues/Protected Information*

The Parties agree that a party will serve any privilege log pertaining to a production request within one month after the party produces documents. The Parties additionally agree that a party need not identify information or documents withheld from production on grounds of privilege to the extent such information or documents were generated after the commencement of this action, though the parties reserve the right to request such information at a later time.

The Parties agree that the Standing Protective Order of Judge Andrew J. Guilford shall govern this case.

### 6. *Changes To Discovery Limits*

The Parties agree that no changes are needed in the limitations on discovery imposed under the rules or by local rule, or that this Court should impose other limitations.

**J.  Discovery Cut-Off**

See chart in Section S below (likely around February 2021).

**K.  Expert Discovery**

The Parties anticipate providing expert opinion testimony.

The Parties do not request changes regarding Rule 26(a)(2) expert disclosures, limitation to discovery, or timetable at this time. See chart in Section S below for proposed expert disclosure deadlines.

{8606041: }

JOINT RULE 26(f) REPORT

9

**L.   Dispositive Motions**

The Parties reserve the right to file dispositive or partially dispositive motions as appropriately supported by evidence revealed through discovery. See chart in Section S below for proposed deadline (likely around February 2021).

**M.   Settlement**

Pursuant to the Court-Directed ADR program, Plaintiff believes the case is best suited for private mediation, ADR Procedure No. 3 from Local Rule 16-15.4 (ADR PROCEDURE NO. 3- The parties shall participate in a private dispute resolution proceeding).

Defendant believes the case is best suited for the district judge or magistrate judge assigned to the case, ADR Procedure No. 1 from Local Rule 16-15.4.

Samson believes the case is best suited for private mediation, ADR Procedure No. 3 from Local Rule 16-15.4 (ADR PROCEDURE NO. 3).

**N.   Scheduling Order and Pretrial Conference**

The Parties do not anticipate requesting any additional orders under Rules 16(b) or 16(c), other than the scheduling order and pre-trial conference order that the court typically issues in the typical course of litigation or sees fit to issue in this case. The Parties reserve the right to request a modification of the scheduling order on an appropriate showing of good cause.

**O.   Trial Length Estimate**

The Parties agree that, unless the case is resolved through settlement or on motion, trial will be by jury for an estimated length of five court days.

**P.   Trial Counsel**

Plaintiff: David Cupar

Defendant:  Daniel M. Cislo

Samson: John Conkle

**Q. Independent Expert or Master**

The Parties do not anticipate the need for a master or an independent scientific expert.

**R. Proposed Dates**

See Section S below for most of the proposed litigation deadlines. In addition, the parties propose the following litigation deadlines:

    a. Last day to amend pleadings or add parties: March 13, 2020

    b. Mediation/ADR Deadline: May 29, 2020

    c. Last day to conduct ADR proceeding: January 31, 2021

    d. Final Pretrial Conference date of March 1, 2021

    e. Trial date of May 3, 2021

**S. Local Patent Rules**

The Parties agree to comply with Judge Guilford's Standing Local Patent Rules. The Parties request that the Court postpone the start of the disclosures required under those rules until March 13, 2020. The reasons for this request are: (a) the Parties are discussing settlement and would like to direct their effort and resources towards settlement talks before the patent disclosure obligations force the Parties to begin litigation at full speed, and (b) third-party Samson Pharmaceuticals responded to the third-party complaint on February 3, 2020, such that a short postponement of the patent disclosure obligations should allow Samson to catch up in the case once it appears.

The Parties proposed deadlines for each of the Court's Standard Patent Rule obligations are set forth below:

| *Event* | *Parties Requested Dates* |
|---|---|
| Infringement Contentions (SPR 2.1, 2.2) | 3/13/2020 |
| Early Meeting of the Parties (SPR 2.3) to include Samson | 3/27/2020 |
| Invalidity Contentions (SPR 2.5, 2.6) | 4/24/2020 |
| Exchange of Proposed Terms for Construction (SPR 3.1) | 5/8/2020 |
| Exchange of Claim Constructions and Extrinsic Evidence (SPR 3.2) | 5/22/2020 |
| Completion of Claim Construction Discovery (SPR 3.3) | 6/19/2020 |
| Joint Claim Construction and Prehearing Statement (SPR 3.4) | 6/26/2020 |
| Opening Claim Construction Briefs (SPR 3.5) | 7/3/2020 |
| Response Claim Construction Briefs (SPR 3.5) | 7/17/2020 |
| Claim Construction Hearing (SPR 3.6) | ~ August 2020 |
| Final Infringement Contentions (SPR 4.1) | 28 days after Claim Construction Ruling |
| Final Invalidity Contentions (SPR 4.2) | 28 days after service of Final Infringement Contentions |
| Rebuttal Expert Reports (SPR 4.3) | 28 days after SPR 4.1 and 4.2 reports |
| Close of Discovery (SPR 4.3) | 28 days after service of latest set of rebuttal reports |
| Advice of Counsel Defense (SPR 4.4) | 28 days after Claim Construction Ruling |
| Dispositive Motion Deadline (SPR 4.5) | 28 days after close of discovery |

**T.** **Other Issues**

The Parties are not aware of any special issues at this time.

The filer of this document, Plaintiff's counsel Matthew J. Cavanagh attests that all other signatories listed below, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

{8606041: }

JOINT RULE 26(f) REPORT

12

|   |   |   |
|---|---|---|
|   |   | Respectfully submitted, |
|   |   | MCDONALD HOPKINS LLC |
| Dated: February 4, 2020 | By: | s/ Matthew J. Cavanagh |
|   |   | Attorneys for Plaintiff Spectrum Laboratories, LLC |
|   |   | CISLO & THOMAS LLP |
| Dated: February 4, 2020 | By: | /s/ C. Wook Pak |
|   |   | Attorneys for Defendant and Third-Party Complainant Green Planet, Inc. |
|   |   | CONKLE, KREMER & ENGEL |
| Dated: February 4, 2020 | By: | /s/ Sherron Wiggins |
|   |   | Attorneys for Third-Party Defendant Samson Pharmaceuticals, Inc. |

{8606041: }

JOINT RULE 26(f) REPORT

13